# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

| | | |
|---|---|---|
| J.P., as Father and Next Friend of G.P., a minor, | * * * | 3:22-cv-190 |
| Plaintiffs, | * * | |
| v. | * * | |
| SEQUEL TSI of ALABAMA, LLC, d/b/a SEQUEL TSI of TUSKEGEE, et al., | * * * * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

COME NOW the defendants, Sequel TSI of Alabama, LLC, d/b/a Sequel TSI of Tuskegee; Sequel Youth & Family Services, LLC; Sequel TSI Holdings, LLC and give notice, with full reservation of all defenses, that this cause is hereby removed from the Circuit Court of Macon County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. In support of this Notice of Removal, the defendants show unto the Court as follows:

### Background

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2. This action was instituted by J.P., as Father and Next Friend of G.P., a

1

minor, in the Circuit Court of Macon County, Alabama on March 18, 2022, against the removing parties. (*See* Compl., p. 2 ¶1 attached hereto as Exhibit 1, which is a true and correct copy of all process, pleadings and orders served on the defendants).

3.  This Court has original jurisdiction under 28 U.S.C. §1332. First, complete diversity of citizenship exists between all parties to this action. Second, although the plaintiff pleads no specific amount of damages, it is apparent the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Removal of this action is therefore proper pursuant to 28 U.S.C. §§ 1332 and 1441.

## Complete Diversity

4.  Plaintiff J. P. was at the institution of this civil action a citizen and resident of Alabama, as pled in his Complaint. (*See* Ex. 1 Compl., p. 2 ¶ 1).

5.  As of October 1, 2021, Defendants Sequel Youth & Family Services, LLC and Defendants Sequel TSI Holdings, LLC had no ownership, control or involvement in the management or operation of the facility referenced in the Complaint. (*See* Ex. 2 ¶7 Affidavit of Jacob Brantz).

6.  On the date of the events referenced in the Complaint, on or around November 2, 2021, the facility was owned by Sequel TSI of Alabama LLC whose sole member was SYFS SaleCo, LLC. (Ex. 2 ¶8)

7. Defendant Sequel TSI of Alabama LLC changed its legal name to Brighter Path Alabama LLC on or about March 1, 2022. (Ex. 2 ¶9)

8. The sole member of Brighter Path Alabama, LLC is SYFS SaleCo, LLC which is a foreign limited liability company organized in the State of Delaware. (Ex. 2 ¶10)

9. The sole member of SYFS SaleCo, LLC is Vivant Behavioral Healthcare, LLC. (Ex. 2 ¶11)

10. Vivant Behavioral Healthcare, LLC is a foreign limited liability company organized in and under the laws of the State of Delaware. (Ex. 2 ¶12)

11. The sole member of Vivant Behavioral Healthcare, LLC is Vivant Behavioral Holdings, LLC. (Ex. 2 ¶13)

12. Vivant Behavioral Holdings, LLC is a foreign limited liability company organized in and under the laws of the State of Delaware. (Ex. 2 ¶14)

13. The members of Vivant Behavioral Holdings, LLC are Ripley Holdings, LLC, John N. Ripley, Christine B. Aron, Stephanie D. Kellogg, Candace M. Dyas, and Jason K. Riley. (Ex. 2 ¶15)

14. John N. Ripley is a citizen of the State of Virginia. (Ex. 2 ¶16)

15. Christine B. Aron is a citizen of the State of Virginia. (Ex. 2 ¶17)

16. Stephanie D. Kellogg is a citizen of the State of Virginia. (Ex. 2 ¶18)

17. Candace M. Dyas is a citizen of the State of Virginia. (Ex. 2 ¶19)

18. Jason K. Riley is a citizen of the State of Virginia. (Ex. 2 ¶20)

19. Ripley Holding, LLC is a foreign limited liability company organized in and under the laws of the State of Virginia. (Ex. 2 ¶21)

20. The members of Ripley Holdings, LLC are the John Ripley MG Trust and John F. Ripley. (Ex. 2 ¶22)

21. The John Ripley MG Trust is organized in and under the laws of the State of Pennsylvania. (Ex. 2 ¶23)

22. John F. Ripley is a citizen of the State of Virginia. (Ex. 2 ¶24)

23. Defendant Sequel Youth & Family Services, LLC and Defendant Sequel TSI Holdings, LLC are not to be considered in the diversity inquiry as they had no ownership, control or involvement in the management or operation of the facility referenced in the Complaint (*See* Ex. 2 ¶7 Affidavit of Jacob Brantz) and therefore are fraudulently joined.

24. The Eleventh Circuit describes fraudulent joinder as "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The Court further explains there are three situations where joinder has been deemed fraudulent (1) when there is no possibility that the plaintiff can prove a cause of action against the resident defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where a diverse defendant is

joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Triggs,* 154 F.3d 1284, 1287 (11th Cir. 1998) (citations omitted).

25. Here, there is no possibility that plaintiff can prove a cause of action against Defendant Sequel Youth & Family Services, LLC or Defendant Sequel TSI Holdings, LLC as these entities had nothing to do with the facility at the time of wrongdoing alleged by the plaintiff and have no connection to the plaintiff's claims.

26. Thus, two of the three applications of the doctrine of fraudulent joinder apply and the citizenship of these entities is not considered, even assuming, *arguendo,* that these entities are not diverse.

## Amount in Controversy

27. The amount in controversy is not specified in the Complaint. However, it is apparent that, due to the nature of the plaintiff's claims and damages pled, the jurisdictional amount has been met. Where a complaint does not state a demand for a specific amount of damages, a removing defendant must demonstrate by a preponderance of the evidence that the minimum sum necessary to confer federal diversity jurisdiction is "more likely than not" at issue in the case. *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other*

*grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).

28. The plaintiff asserts claims of "reckless, extreme and outrageous conduct" against the Defendant. (Ex. 1 Compl. p. 6-7). He asserts claims of both negligence and wantonness against the defendants. (Ex. 1 Compl. p. 6-8). The plaintiff alleges that G.P. "suffered multiple injuries" and that the "physical and mental injuries he received, are too numerous to set out here" (Ex. 1 Compl. p. 5 ¶17).

29. Specifically, the plaintiff seeks damages as follows: (1) severe emotional and psychological distress (2) personal physical injury (3) severe mental anguish (4) humiliation (5) emotional and physical distress. (*See* Ex. 1 Compl. p. 7 ¶30)

30. The complaint seeks both compensatory and punitive damages "in a fair and reasonable amount". (*See* Ex. 1 Compl. p. 8-9).

31. Further, providing insight into the damages the plaintiff will seek at trial, he alludes and alleges that Defendants were paid "well over $30 million" to provide services. (Ex. 1 Compl. p. 4 ¶14).

32. The defendants have proven by at least a preponderance of the evidence that the claims exceed the jurisdictional limit. In determining whether it is facially apparent from the complaint that the jurisdictional amount has been met, "a district court need not 'suspend reality or shelve common sense.'" *Roe v. Michelin North*

*America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010), citing *Pretka v. Kolter City Plaza II. Inc.*, 608 F.3d 744, 770 (11th Cir. 2010) (quoting *Roe v. Michelin N. Am., Inc.*, 637 F.Supp.2d 995, 999 (M.D. Ala. 2009). District courts "may use their judicial experience and common sense" and "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleading to determine whether it is facially apparent that a case is removable." *Id*. at 1061-62. It is apparent from the allegations asserted and damages and injuries claimed in the Complaint that the plaintiff is seeking in excessive of $75,000 exclusive of interest and costs.

33. The defendants deny that Plaintiff is entitled to recover any compensatory or punitive damages in this action. However, the plaintiff has alleged such damages, and they are therefore properly considered for purposes of determining the amount in controversy.

## Removal Notice is Timely

34. Actions are removable generally if the action brought in state court may have originally been brought in federal court. *See* 28 U.S.C. §1441. The notice of removal must be filed within 30 days after the receipt of the complaint by the defendant. *See* 28 U.S.C. §1446(b). If the case as stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt of any pleading, motion, order, etc., from which it is first ascertained to be removable. *Id.*

Except, however, a case may not be removed on the basis of jurisdiction conferred under 28 U.S.C. §1332, more than one year after the action was commenced. *Id.*

35. This case is removable based on the initial Complaint and this removal is being filed within 30 days after receipt of the Complaint by the defendants.

## Other Prerequisites for Removal

36. All defendants served join in and consent to this removal. 28 U.S.C. §1446 (b)(2)(A).

37. A copy of this Notice is being filed with the Clerk of the Circuit Court of Macon County, Alabama.

38. The removing parties meet all prerequisites for removal under 28 U.S.C. §1441 and this pleading complies with the procedures for removal under 28 U.S.C. §1446.

39. If any question arises as to the propriety of the removal of this action, the removing parties request the opportunity to present a brief and oral argument in support of this Court's subject-matter jurisdiction, as well as the opportunity to conduct post-removal jurisdictional discovery on the issue of the amount in controversy.

WHEREFORE, the removing parties request this Honorable Court take cognizance of and jurisdiction over this cause, effect the removal of this action from the Circuit Court of Macon County, Alabama and enter such orders as may be

necessary to obtain a true record of such proceedings as may have been had in the Circuit Court of Macon County, Alabama.

Respectfully submitted, this the 20th day of April, 2022.

*[signature]*

Thomas A. Kendrick (ASB-5668-E25T)
W. M. Bains Fleming, III (ASB-4733-A55F)
Attorneys for Sequel TSI of Alabama, LLC, d/b/a Sequel TSI of Tuskegee; Sequel Youth & Family Services, LLC; Sequel TSI Holdings, LLC

**OF COUNSEL:**
Norman, Wood, Kendrick & Turner
Ridge Park Place – Suite 3000
1130 22nd Street South
Birmingham, Alabama 35205
Telephone:  (205) 328-6643
Facsimile:  (205) 251-5479
Emails:       tkendrick@nwkt.com
                    bfleming@nwkt.com

## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| J.P., as Father and Next Friend of G.P., a minor, | * * * |
| Plaintiffs, | * * |
| v. | * * |
| SEQUEL TSI of ALABAMA, LLC, d/b/a SEQUEL TSI of TUSKEGEE, et al., | * * * * |
| Defendants. | * |

### CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk by hand and that I have served a copy of the foregoing electronically or by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed on this the 20th day of, April 2022, as follows as directed by the court:

Thomas F. James, Esq.
4220 Cahaba Heights Court – Ste. 310
Birmingham, AL 35243-5731
tommy@tommyjameslaw.com
*Attorney for Plaintiff*

Jeremy Knowles, Esq.
Morris Haynes, Attorneys at Law
3500 Colonnade Pkwy – Suite 100
Birmingham, AL 35243
jknowles@mhhlaw.net
*Attorney for Plaintiff*

_____
OF COUNSEL

10