ELECTRONICALLY FILED
3/18/2022 11:36 AM
46-CV-2022-900020.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY,

| | |
|---|---|
| J. P., as Father and Next Friend of G. P., a minor,<br><br>    Plaintiff,<br><br>v.<br><br>SEQUEL TSI of ALABAMA, LLC, d/b/a SEQUEL TSI of TUSKEGEE;<br>SEQUEL YOUTH & FAMILY SERVICES, LLC;<br>SEQUEL TSI HOLDINGS, LLC;<br>FICTITIOUS DEFENDANT "A," the person or persons who were in charge of monitoring G. P. and other residents during the times G. P. was assaulted by other residents and/or staff;<br>FICTITIOUS DEFENDANT "B," the person or persons who failed to intervene during the times when G. P. was assaulted by other residents and/or staff;<br>FICTITIOUS DEFENDANT "C," the person or persons who assaulted, abused and/or neglected G. P. while he resided at Sequel Tuskegee;<br>FICTITIOUS DEFENDANT "D," the person or persons who failed to provide G. P. with adequate medical and mental health treatment while he resided at Sequel Tuskegee;<br>FICTITIOUS DEFENDANT "E," the person or persons who negligently or wantonly failed to properly or adequately hire, train, supervise and/or retain the other Fictitious Defendants; and<br>FICTITIOUS DEFENDANT "F," the person or persons whose negligence or wantonness proximately caused the injuries and damages suffered by G. P. as set out in this Complaint; the identities of the Fictitious Defendants are unknown to the Plaintiff at this time, but will be added by amendment when ascertained;<br><br>    Defendants. | Case No: CV2022-_____ |

## COMPLAINT

### INTRODUCTION

This case arises from the tragic and horrific abuse and neglect inflicted by Sequel Tuskegee staff and residents on a child. Sequel owns and operates facilities for juveniles at various locations throughout the United States. Sequel's facilities are populated by children sent there by various state governments, including the State of Alabama. Sequel claims its facilities provide comprehensive services for children where they are supposed to be healed and safe. In reality, Sequel's facilities are houses of horrors where its staff members abuse and prey upon children. A culture of violence and abuse pervades throughout Sequel facilities, including the Tuskegee facility. The systemic failures at Sequel facilities are disturbing. Sequel engages in a pattern and practice of using violent force against children. Children at Sequel facilities are subjected to unapproved and painful restraint techniques, long term seclusion/isolation and physical abuse. Staff refuses to intervene during fights and often encourages these fights. There is poor supervision, staff bullying and intimidation of the children. Many of the children "served" by Sequel are victims with traumatic histories. These children are re-traumatized daily by continuous abuse and neglect. This case involves a youth residential facility, owned by the Sequel Defendants, and funded by the State of Alabama, where the physical abuse and neglect of its child residents was blatant, rampant and condoned.

### PARTIES

1. Plaintiff J. P. is over the age of nineteen (19) years and is a resident of the State of Alabama. He brings this civil action pursuant to § 6-5-390 *Code of Alabama*. He is the Father and Next Friend of G. P., a minor, under the age of nineteen (19) years.

2

2. Defendant Sequel TSI of Alabama, LLC d/b/a Sequel TSI of Tuskegee (hereinafter "Sequel Tuskegee"), is a Psychiatric Residential Treatment Facility located in Tuskegee, Alabama. Sequel TSI of Alabama, LLC is a Domestic corporation incorporated in the State of Alabama with its principal place of business located in Huntsville, Alabama.

3. Sequel Youth & Family Services, LLC is a privately owned for-profit Domestic corporation incorporated in the State of Delaware whose headquarters is in Huntsville, Alabama. Sequel Youth & Family Services, LLC is the sole Member, and Managing Member, of Sequel TSI Holdings, LLC. Sequel Youth & Family Services, LLC operates youth facilities across the country and owns and/or operates and/or conducts business in Macon County, Alabama. Nationwide, Sequel "services" approximately 10,000 children, including 2,000 who live in facilities fulltime. In 2017, the company reported more than $200 million in revenue. Children in Sequel facilities are supposed to receive intensive mental health treatment.

4. Sequel TSI Holdings, LLC is a Domestic corporation incorporated in the State of Iowa with its principal place of business in Huntsville, Alabama. Sequel TSI Holdings, LLC is the Managing Member of Sequel TSI of Alabama, LLC.

5. Fictitious Defendant "A" is the person or persons who were in charge of monitoring G. P. and other residents during the times G. P. was assaulted by other residents and/or staff.

6. Fictitious Defendant "B" is person or persons who failed to intervene during the times when G. P. was assaulted by other residents and/or staff.

7. Fictitious Defendant "C" is person or persons who assaulted, abused and/or neglected G. P. while he resided at Sequel Tuskegee.

8. Fictitious Defendant "D" is the person or persons who failed to provide G. P. with adequate medical and mental health treatment while he resided at Sequel Tuskegee.

9. Fictitious Defendant "E" is the person or persons who negligently or wantonly failed to

3

properly or adequately hire, train, supervise and/or retain Defendants and the other Fictitious Defendants.

10. Fictitious Defendant "F" is the person or persons whose negligence or wantonness proximately caused the injuries and damages suffered by G. P., as set out in this Complaint.

## STATEMENT OF FACTS

11. On November 2, 2021, the Alabama Department of Youth Services (hereinafter "DYS") placed G. P. into Sequel TSI of Tuskegee ("Sequel Tuskegee") in Tuskegee, Alabama. G. P. was 15 years old at the time. He resided at Sequel Tuskegee for approximately seven weeks.

12. Sequel Tuskegee is a Psychiatric Residential Treatment Facility ("PRTF"). PRTFs are facilities where at risk youth with mental health issues are supposed to receive intensive psychiatric care. G. P. did not receive the necessary mental health treatment he needed but was instead physically and sexually abused and emotionally traumatized at Sequel Tuskegee.

13. Sequel Tuskegee is a "medium risk secure facility" that has 66 beds. Fifty of the beds are licensed by DYS and 16 are licensed by the Alabama Department of Human Resources (hereinafter "DHR"). Sequel claims students at Sequel Tuskegee learn "in a safe environment." This could not be further from the truth.

14. DYS and DHR certify, license, and contract with Sequel Tuskegee to place children there to receive therapeutic care to address their mental health needs. The State of Alabama pays Sequel Youth & Family Services, LLC and its affiliates ("Sequel") approximately $330.00 per day to house each child. Upon information and belief, the State has paid Sequel well over $30 million since 2018 to essentially warehouse troubled children in facilities rife with problems. DHR and DYS continue to place children in Sequel facilities.

15. G. P. was attacked and sexually assaulted within four days of entering the Sequel facility. After reporting the first incident, the residents were allowed to retaliate against G. P. by attacking,

4

beating and threatening him on a daily basis until he was so scared and depressed, he saw no other way out and attempted to take his own life. G. P. did not feel safe at Sequel Tuskegee.

16.     G. P.'s seven weeks in Sequel Tuskegee were a house of horrors. He and the other children at Sequel Tuskegee were treated like animals by staff. G. P. and the other children were physically, verbally and emotionally abused. Despite being a place for the most vulnerable and troubled children, a place where they should be receiving medically required treatment, Sequel Tuskegee is a scary and dangerous place. It resembles a prison and has a culture of violence. Riots are frequent and the facility is infested with rats. Staff smuggled in contraband such as marijuana, cigarettes, alcohol and knives.

17.     Staff-on-child and resident-on-child violence are commonplace at Sequel Tuskegee. G. P. suffered both. There is little supervision, so the violence is rampant. Even worse, when staff is present, they fail to intervene during these assaults. Extreme, illegal and dangerous "restraints" of children by staff are commonplace at Sequel Tuskegee, including chokeholds, and staff lying on top of children who are face down on the ground. Staff is not trained on proper restraint techniques but instead resort to violence. Staff threatens, taunts, and calls children horrible names. During G. P.'s time at Sequel Tuskegee, he was choked, beaten, bitten, punched, slapped and sexually assaulted by residents while the staff did nothing to help him or the other abused residents. G. P. suffered multiple injuries while at Sequel Tuskegee. The beatings, assaults (both physical and sexual), verbal abuse and other horrendous treatment G. P. received, and the physical and mental injuries he received, are too numerous to set out here. G. P. and the other children did not receive adequate medical, vision or dental treatment. Additionally, G. P. and the other children did not receive the promised and medically necessary mental health treatment at Sequel Tuskegee.

18.     During his time at Sequel Tuskegee, G. P. suffered significant and continuous physical, sexual, verbal and/or emotional abuse and/or neglect as separate acts on separate occasions.

5

19. Defendants employed aggressive and abusive policies at Sequel Tuskegee that ignored the health and safety of the children residing there, including G. P. Staff refused to intervene and aid those residents in need of physical help.

20. G. P. was physically and sexually assaulted, neglected and/or abused by Sequel Tuskegee staff at separate times, at separate locations, and under separate circumstances.

21. Numerous staff at Sequel Tuskegee was informed of and/or had knowledge that G. P. was being physically, sexually, verbally and emotionally abused and neglected on separate occasions at separate locations by separate individuals, but chose to do absolutely nothing to prevent the abuse or neglect nor report it pursuant to their legal obligations.

22. Defendants failed to adequately and/or sufficiently staff the facility to manage the safety and well-being of the children living at Sequel Tuskegee.

23. Defendants individually and/or by and through their employees and/or agents, took affirmative steps to maintain the abusive and neglectful culture at Sequel Tuskegee by refusing to report the separate, frequent abuse and neglect that was occurring to children there.

24. Defendants' combined conduct, through financial support, program design, lack of supervision, and silence and secrecy, endangered the health, safety and welfare of children residing at Sequel Tuskegee, including G. P.

25. Defendants did not take reasonable steps to prevent or prohibit child abuse, mistreatment or neglect at Sequel Tuskegee.

26. Despite being entrusted to care for G. P., Defendants illegally failed to inform parents or authorities of child abuse incidents.

## COUNT ONE

27. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

28. As stated throughout this Complaint, **ALL Defendants** engaged in reckless, extreme and

outrageous conduct.

29. The Defendants' misconduct was so shocking and outrageous that it exceeds the reasonable bounds of decency as measured by what the average member of the community would tolerate and demonstrates an utter disregard by them of the consequences that would follow.

30. The Defendants knew their reckless, extreme and outrageous conduct would inflict severe emotional and psychological distress, including personal physical injury on others and Plaintiff did in fact suffer severe emotional and psychological distress and personal physical injury as a result, including severe mental anguish, humiliation and emotional and physical distress.

31. As a proximate result of this reckless, extreme and outrageous conduct, G. P. was horrifically abused and neglected as stated in this Complaint.

**WHEREFORE,** Plaintiff demands judgment against Defendants and Fictitious Defendants in a fair and reasonable amount of compensatory and punitive damages plus costs.

## COUNT TWO

32. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

33. Defendants and Fictitious Defendants knew the children residing at Sequel Tuskegee were not protected from abuse and neglect by employees and other residents.

34. Defendants and Fictitious Defendants knew that G. P. and other children were needlessly subjected to the risk of injury, physical, sexual and verbal abuse.

35. Defendants and Fictitious Defendants were in charge of monitoring and supervising G. P.

36. Defendants and Fictitious Defendants negligently or wantonly failed to properly or adequately monitor or supervise G. P. and other residents.

37. As a proximate result of this negligent or wanton conduct, G. P. was assaulted, abused and neglected on numerous occasions.

WHEREFORE, Plaintiff demands judgment against Defendants in a fair and reasonable amount of compensatory and punitive damages plus costs.

### COUNT THREE

38. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

39. Defendants and Fictitious Defendants were under a duty to protect G. P. from harm, including physical and verbal abuse, neglect, mistreatment and exploitation.

40. Defendants and Fictitious Defendants negligently or wantonly caused and/or allowed G. P. to be assaulted, abused and neglected.

41. As a proximate result of this negligent or wanton conduct, G. P. was assaulted, abused and neglected on numerous occasions.

WHEREFORE, Plaintiff demands judgment against Defendants and Fictitious Defendants in a fair and reasonable amount of compensatory and punitive damages plus costs.

### COUNT FOUR

42. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

43. Defendants and Fictitious Defendants had a duty to provide G. P. a safe and humane living environment.

44. Defendants and Fictitious Defendants negligently or wantonly failed to provide a safe and humane environment for G. P.

45. As a proximate result of this negligent or wanton conduct, G. P. resided in an inhumane environment where he was assaulted, abused and neglected on numerous occasions.

WHEREFORE, Plaintiff demands judgment against Defendants and Fictitious Defendants in a fair and reasonable amount of compensatory and punitive damages plus costs.

### COUNT FIVE

46. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

47. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

48. The negligence, wantonness and/or other wrongful acts of the named Defendants and Fictitious Defendants in this cause combined and concurred to cause the injuries and damages as alleged above.

**WHEREFORE,** Plaintiff demands judgment against Defendants and Fictitious Defendants in a fair and reasonable amount of compensatory and punitive damages plus costs.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CAUSES IN THE ABOVE COMPLAINT**

/s/ Thomas E. James
Thomas E. James (JAM023)
Attorney for Plaintiff

**OF COUNSEL:**
**TOMMY JAMES LAW**
4220 Cahaba Heights Court – Suite 210
Birmingham, Alabama 35243-5731
Telephone:   (205) 259-1725
tommy@tommyjameslaw.com

/s/ Jeremy Knowles
Jeremy Knowles (KNO016)
Attorney for Plaintiff

**OF COUNSEL:**
**MORRIS HAYNES, Attorneys at Law**
3500 Colonnade Pkwy – Suite 100
Birmingham, Alabama 35243
Telephone:   (205) 324-4008
Facsimile:    (205) 324-0803
jknowles@mhhlaw.net

/s/ Walter E. McGowan
Walter E. McGowan (MCG016)
Attorney for Plaintiff

**OF COUNSEL:**
Gray, Langford, Sapp, McGowan,
Gray, Gray & Nathanson
P. O. Box 830239
Tuskegee, AL 36083-0239

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**

Sequel TSI of Alabama, LLC d/b/a Sequel TSI of Tuskegee
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

Sequel Youth & Family Services, LLC
c/o Corporation Service Company, Inc.
251 Little Falls Drive
Wilmington, DE 19808

Sequel TSI Holdings, LLC
c/o Corporation Service Company
641 South Lawrence Street
Montgomery, AL 36104