IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **J.P., as Father and Next Friend of G.P., a minor,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 3:22-cv-00190-CWB ) |
| **SEQUEL TSI of ALABAMA, LLC, et al.,** | ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court after having been removed from the Circuit Court of Macon County, Alabama. (Doc. 1). Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, all parties have consented to the exercise of civil jurisdiction by a United States Magistrate Judge. (Docs. 14 & 15). Two motions are now pending for determination: a Motion to Amend Complaint (Doc. 6); and a Motion to Remand (Doc. 7). For the reasons set out below, the undersigned concludes that the Motion to Remand is due to be GRANTED without need to address the Motion to Amend Complaint.

**I.    Background**

G.P., who at all relevant times was a fifteen-year-old minor, was placed by the Alabama Department of Youth Services into a psychiatric residential treatment facility in Tuskegee, Alabama on or about November 2, 2021. (Doc. 1-1 at ¶¶ 11-12). It is alleged that G.P. was the victim of various physical attacks, sexual assaults, and other types of abuse committed by residents at the facility. (*Id*. at ¶ 15). It is further alleged that facility staff likewise directed

physical, verbal, and emotional abuse toward G.P. (*Id*. at ¶¶ 16-21). Such conduct allegedly continued throughout the seven weeks that G.P resided at the facility until he ultimately attempted to commit suicide. (*Id*. at ¶¶ 15-18).

On March 18, 2022, a civil action was filed in the Circuit Court of Macon County, Alabama by J.P. in his capacity as father and next friend of G.P. (Doc. 1-1). The Complaint asserts multiple causes of action arising out of the abuse allegedly inflicted upon G.P. (*Id*.). For relief, the Complaint seeks "a fair and reasonable amount of compensatory and punitive damages plus costs." (*Id*. at pp. 7-9). The defendants named in the Compliant are Sequel TSI of Alabama, LLC d/b/a Sequel of Tuskegee (*id*. at ¶ 2), Sequel Youth & Family Services, LLC (*id*. at ¶ 3), and Sequel TSI Holdings, LLC (*id*. at ¶ 4). All of the named defendants appear to have some degree of interrelatedness and shall hereafter be referred to collectively as "Defendants."

Defendants removed the action to this court on April 20, 2022—asserting jurisdiction under 28 U.S.C. § 1332 on the basis of diversity of citizenship and an amount in controversy exceeding $75,000.00, exclusive of interest and costs. (Doc. 1). According to Defendants, however, only Sequel TSI of Alabama, LLC has been properly joined. (*Id*. at ¶ 6). Defendants assert that neither Sequel Youth & Family Services, LLC nor Sequel TSI Holdings, LLC "had [any] ownership, control or involvement in the management or operation of the facility." (*Id*. at ¶ 5).

Although not expressly alleged, it appears that one or both of the latter entities would be deemed a citizen of the State of Alabama so as to destroy complete diversity relative to the Alabama citizenship of G.P. (Doc. 1 at ¶ 4). Defendants contend that those entities "are fraudulently joined" and "not to be considered in the diversity inquiry." (*Id*. at ¶ 23). The sole remaining defendant, Sequel TSI of Alabama, LLC, is alleged to be a citizen of one or more states other than Alabama as traceable through numerous holding companies and other types of

ownership interests. (*Id*. at ¶¶ 7-22). Defendants therefore assert that non-consideration of Sequel Youth & Family Services, LLC and Sequel TSI Holdings, LLC would result in a complete diversity of citizenship and an amount in controversy that "more likely than not" exceeds the threshold jurisdictional minimum. (*Id*. at ¶¶ 25-27).

Finally, Defendants allege that they have satisfied all procedural requirements for removal. (*Id*. at ¶¶ 34-39). The court finds that Defendants indeed have fulfilled all procedural requisites and that the analysis herein should be limited to the question of jurisdiction.

**II.     Removal Jurisdiction**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction … ."). Due to the inherent limitation on authority, it is incumbent upon a federal court to assure itself "at the earliest possible stage in the proceedings" that it possesses jurisdiction. *Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

With respect to actions filed initially in state court, removal to federal court is authorized in circumstances where a district court would have had "original jurisdiction" over the action. 28 U.S.C. § 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by*

*Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  And it falls upon the removing party to establish that such jurisdiction exists.  *See, e.g.*, *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

Because removal infringes upon state sovereignty and implicates central concepts of federalism, any doubts over jurisdiction should be resolved in favor of remanding to state court.  *See Burns v. Windsor Ins. C*o., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). Stated differently, a plaintiff's right to choose the forum and a defendant's corresponding right to remove "are not on equal footing."  *Id*.

### A.    Federal Question Jurisdiction

The Notice of Removal (Doc. 1) makes no assertion that removal was predicated upon federal question jurisdiction under 28 U.S.C. § 1331.  Nor has the court's independent review of the record uncovered any issue that could be construed as "arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.  The court thus agrees that jurisdiction rises or falls on application of 28 U.S.C. § 1332(a).

### B.    Diversity Jurisdiction

The Motion to Remand is focused on whether certain named defendants have been fraudulently joined so as to have their citizenship status disregarded in the diversity analysis. (Doc. 7).  Before determining whether it would be appropriate to address the fraudulent joinder argument, however, the court must evaluate whether the removal burden has been satisfied with

respect to the other requirement for diversity jurisdiction, *i.e.,* the amount in controversy. *See* 28 U.S.C. § 1332(a) (constraining diversity jurisdiction to cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"); *see also Parker v. Williams Plant Servs., LLC*, No. 1:16-cv-239, 2016 WL 3892454, *3 (M.D. Ala. June 29, 2016) ("Removal jurisdiction requires both complete diversity and satisfaction of the requisite amount in controversy. A case does not become removable until both conditions are present.").

Notwithstanding that the Notice of Removal avers the amount in controversy requirement is satisfied "due to the nature of the plaintiff's claims and damages pled" (Doc. 1 at p. 5), the issue is not quite so simple. Here, each count of the Complaint requests only "a fair and reasonable amount of compensatory and punitive damages plus costs." (*Id*. at pp. 7-9). Nothing in the Complaint can be construed as a particularized articulation of the precise amount, or even an approximate range, of the damages actually being sought.

"When the plaintiff alleges unspecified damages, the party seeking to remove bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Buckeridge v. Tuskegee Univ.*, No. 3:20-cv-856, 2021 WL 6884910, *1 (M.D. Ala. Jan. 6, 2021) (citing *Pretka*, 608 F.3d at 752). Defendants acknowledge that "[t]he amount in controversy is not specified in the Complaint" and that they bear the burden of demonstrating that the jurisdictional minimum is satisfied. (Doc. 1 at ¶ 27). Defendants assert that the burden is met facially vis-à-vis allegations of "reckless, extreme and outrageous conduct," "severe emotional and psychological distress," "personal physical injury," "severe mental anguish, "humiliation," "emotional and physical distress," and other injuries "too numerous to set out." (*Id*. at ¶¶ 28-29). Defendants also note that punitive damages have been requested. (*Id*. at ¶ 30). The court disagrees that the referenced allegations are sufficient in this case to satisfy Defendants' burden of demonstrating that the

amount in controversy "more likely than not" exceeds $75,000.00 exclusive of interest and costs. *See Tapscott*, 77 F.3d at 1356-57.

Defendants' reference to "reckless, extreme and outrageous conduct" is taken from Count One of the Complaint, which asserts a claim for intentional infliction of emotional distress. (Doc. 1-1 at ¶¶ 27-31). The court notes that such allegations are necessary to state a claim under Alabama law. *See, e.g., McCreight v. AuburnBank*, No. 2:19-cv-865, 2020 WL 1061675, *2 (M.D. Ala. March 4, 2020) (citing *Ex parte Crawford & Co.*, 693 So. 2d 458, 460 (Ala. 1997)). Therefore, to find the allegations as satisfying the amount in controversy requirement would have the practical effect of opening the jurisdictional gates to federal court any time diverse parties can in good faith plead a claim for intentional infliction of emotional distress under state law. This the court cannot condone. *See Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction").

The remaining allegations cited by Defendants are nothing more than descriptive terms commonly utilized when pleading personal injury claims. It has been repeatedly held that generic, and perhaps hyperbolic, descriptions of damages are insufficient to establish the requisite amount in controversy. *See, e.g., Lowe v. State Farm Fire & Cas. Co.*, No. 3:15-cv-877, 2016 WL 818658, *6 (M.D. Ala. Feb. 16, 2016) ("Plaintiff's allegations of mental anguish and suffering say nothing about the value of the claims no matter the seriousness of the general assertion."); *Thompson v. Target Corp.*, No. 2:18-cv-97, 2018 WL 1750754, *3 (M.D. Ala. Mar. 21, 2018). So too has it been made clear that reliance upon a generalized claim for punitive damages is insufficient to satisfy the removing party's burden. *Target*, 2018 WL 1750754 at *3.

Certainly situations exist where a facial determination can be made that the amount in controversy threshold has been met. For example, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010), is the gold standard for that proposition. But those rare cases differ dramatically from the circumstances now presented, where any eventual measure of damages will be based entirely upon as assessment of the intricacies of G.P.'s physical and emotional injuries and any underlying wrongful conduct. To have the court wade into that fact-dependent swamp at this stage would invite nothing more than impermissible speculation. *Perkins v. Merion Realty Servs., LLC*, 2:14-cv-1171, 2015 WL 998198, *3 (M.D. Ala. March 6, 2015) ("[N]othing in *Roe* permits the court to indulge in speculation or fill empty gaps in a plaintiff's factual averments with unfounded assumptions about what the evidence may show."); *see also Buckeridge,* 2021 WL 6884910 at *2-3 (refusing to speculate as to amount in controversy where the record contained no "medical bills and other necessary precise details regarding injuries") (citing *Nelson v. Tuskegee Univ.*, No. 3:17-cv-512, 2018 WL 1719715, *2 (M.D. Ala. Apr. 9, 2018)).

Put most simply, Defendants have provided no objective foundation to which the court can tether a conclusion that the amount in controversy requirement is satisfied. Yes, allegations of abuse committed upon a minor by those charged with his care are horrific. And yes, a potential judgment could well exceed $75,000.00. But based on the current state of the record, there is simply no way for the court to conclude whether that outcome is "more likely than not." *See Nelson*, 2018 WL 1719715 at *3. No treatment records, medical billings, or similar materials have been submitted that would in any manner quantify the type of physical, emotional, and other harms allegedly suffered by G.P. Nor have any investigative records been submitted that would further inform the court's evaluation of the alleged misconduct. "[T]to the extent that competing inferences may be drawn from the specific factual allegations of the complaint, the court must

7

indulge those inferences most favorable to remand." *Benton v. Safeway Ins. Co. of Alabama*, No. 3:17-cv-95, 2017 WL 2374725, *2 (M.D. Ala. May 11, 2017).

"[T]he removing party bears the burden of showing the existence of federal jurisdiction." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1378 (11th Cir. 1998) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996)). Defendants have failed to meet that burden. The court again recognizes that a recovery in this case could exceed the jurisdictional threshold, but that potentiality alone cannot be deemed to preclude remand if the burden for establishing removal jurisdiction is to continue to have meaning. *See Parker*, 2016 WL 3892454 at *5 ("While it is legally possible that Plaintiff could recover more than the jurisdictional amount, WPS's burden in sustaining removal jurisdiction is much heavier.").

Countless other scenarios frequently present this same dilemma. Yet the Eleventh Circuit has been abundantly clear that the burden of establishing amount in controversy is not to be viewed as a paper tiger. *See, e.g., Pretka*, 608 F.3d at 753-54 ("[W]ithout facts or specific allegations, the amount in controversy could be 'divined [only] by looking at the stars'–only through speculation— and that is impermissible."). To find here that Defendants have satisfied that burden would require the court to indulge in inferences <u>least</u> favorable to remand, which is precisely the opposite of its obligation. *Benton*, 2017 WL 2374725 at *2 ("[I]t is axiomatic that, on a motion to remand, all questions or doubts as to subject matter jurisdiction are to be resolved in favor of returning the matter to state court.") (citing *Burns*, 31 F.3d at 1095). The court thus is compelled to remand this case back to the Circuit Court of Macon County, Alabama.

**III.    Conclusion**

For the reasons stated above, the court concludes that Defendants have not met their burden of establishing diversity jurisdiction and that this case must be remanded to the Circuit Court of Macon County, Alabama.  The pending Motion to Remand (Doc. 7) therefore is GRANTED.[1] Because the court finds that subject matter jurisdiction is lacking, it is not authorized to address the pending Motion to Amend Complaint (Doc. 6).[2]  The clerk of court is hereby DIRECTED to take the necessary steps to effectuate the remand.

DONE this the 17th day of March 2023.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE

---

[1]    The court notes that amount in controversy was not challenged in the Motion to Remand. (Doc. 7).  Nonetheless, "[w]hen jurisdiction is premised on the diversity of the parties, the court is obligated to assure itself that the case involves the requisite amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  That obligation permits the court to raise the issue *sua sponte* when the requisite amount in controversy appears in doubt.  *See, e.g., Pitts v. Ram Partners, LLLC*, No. 3:18-cv-00028, 2018 WL 5786219, *7 n.6 (M.D. Ala. Nov. 5, 2018).  A review of the record does not reveal any affirmative concession that the amount in controversy exceeds $75,000.00, and the lack of such a stipulation was confirmed during the January 5, 2023 telephone status conference.

[2]    Considering that the Motion to Amend Complaint seeks to add non-diverse defendants who were previously designated as fictitious parties, that counsel represented at the January 5, 2023 telephone status conference that the identities of those defendants were not discovered until after the original Complaint was filed, and that the Motion to Amend Complaint was filed just one month after the original Complaint, the court (if it otherwise had jurisdiction) would be inclined to permit the amendment on the rationale applied in *Quattlebaum v. Federal Express Corp.*, No. 1:19-cv-210, 2019 WL 2518337 (M.D. Ala. June 18, 2019), which would have the effect of destroying complete diversity and requiring remand.